# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **HILDA L. SOLIS**, Secretary of Labor, United States Department of Labor, | |
| Plaintiff, | No. 0:11-CV-01744 |
| v. | Chief Judge Michael J. Davis |
| **JMN CONSULTING, INC.**, | Mag. Judge Arthur J. Boylan |
| and | |
| **JMN CONSULTING, INC. 401(k) P/S PLAN** | |
| Defendants. | |

## DEFAULT JUDGMENT AS TO DEFENDANTS JMN CONSULTING, INC. AND JMN CONSULTING, INC. 401(K) P/S PLAN

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("the Secretary"), having filed her complaint; Defendants JMN Consulting, Inc. and JMN Consulting, Inc. 401(k) P/S Plan (collectively "the Defendants") having been served with the complaint and summons; the Defendants having failed to plead or otherwise defend within the time prescribed by law; default of Defendants JMN Consulting, Inc. and JMN Consulting, Inc. 401(k) P/S Plan

having been entered by the Clerk of Court on August 24, 2011 and the truth of the allegations contained in the Secretary's complaint having been deemed to be the truth at the time the Clerk of Court entered the default and verified by the attached declaration of the Employee Benefits Security Administration Investigator; now, therefore upon application of the Secretary and for cause shown,

**DEFAULT JUDGMENT IS HEREBY ENTERED** against Defendants JMN Consulting, Inc. and JMN Consulting, Inc. 401(k) P/S Plan in accordance with the prayer of the complaint in the above-styled action; and it is:

**ORDERED, ADJUDGED, AND DECREED** that:

1. Defendant JMN Consulting, Inc. is removed from serving as a fiduciary to the JMN Consulting, Inc. 401(k) P/S Plan and is permanently enjoined from serving as a fiduciary or service provider with respect to any employee benefit plan subject to ERISA.

2. Gregory L. Ash, of Spencer Fane Britt & Browne, LLP is hereby appointed as the independent fiduciary for the Plan. The independent fiduciary shall have the following powers, duties and responsibilities:

    a. The independent fiduciary shall have authority to collect,

liquidate, manage, and distribute assets of the Plan for the benefit of the eligible participants and beneficiaries of the Plan who are entitled to receive such assets and shall terminate the Plan and distribute the Plan's assets in accordance with the Plan's governing documents, the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, *et seq.*, the Internal Revenue Code and this Default Judgment;

      b.    The independent fiduciary shall exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a payment under the terms of this Default Judgment and to disburse to each such eligible participant or beneficiary the payment to which he or she is entitled;

      c.    The independent fiduciary shall have full access to all data, information and calculations in the Plan's possession or under its control, including that information contained in the records of the Plan's custodial trustees and other service providers, bearing on the distribution of participant account balances, recovery of amounts owed to the Plan and termination of the Plan;

    d.  The independent fiduciary may retain such persons and firms including but not limited to accountants and attorneys, as may be reasonably required to perform his duties hereunder;

    e.  The independent fiduciary shall receive compensation not to exceed the amount of $8,000.00 for the performance of the above-referenced duties, including costs reasonably and necessarily incurred, which shall be paid directly from the assets of the Plan;

    f.  The independent fiduciary shall obtain bonding in an amount that meets the requirements of ERISA §412, 29 U.S.C. §1112.  The costs incurred by the independent fiduciary in obtaining such bonding shall by paid by the Plan; and

    g.  Upon final termination of the Plan and distribution of the Plan's assets, the independent fiduciary shall provide proof of such termination and distribution of the Plan's assets to the Regional Director, Kansas City Regional Office, Employee Benefits Security Administration, located at 2300 Main Street, Suite 1100, Kansas City, MO 64108.

  3.  The Secretary is hereby awarded her attorney fees and the costs of this action.

4.      The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Default Judgment.

5.      Nothing in this Default Judgment is binding on any government agency other than the United States Department of Labor.

Dated: This 8th day of November, 2011.

                                 s/ Michael J. Davis
                                 **MICHAEL J. DAVIS**
                                 **CHIEF JUDGE**
                                 **UNITED STATES DISTRICT COURT**